UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOANN THOMAS** ) | Case Number |
| ) | |
| **Plaintiff** ) | |
| ) | |
| vs. ) | **CIVIL COMPLAINT** |
| ) | |
| **SCHLEE & STILLMAN LAW** ) | |
| **OFFICE, LLC** ) | **JURY TRIAL DEMANDED** |
| **&** ) | |
| **FIA CARD SERVICES, N.A.** ) | |
| ) | |
| **Defendant** ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Joann Thomas, by and through her undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Joann Thomas, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiff resides in this District.

## III. PARTIES

4. Plaintiff, Joann Thomas, is an adult natural person residing at 1048 Stanton Terrace, Pittsburgh, PA 15201. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Schlee & Stillman Law Office, LLC, (hereafter, "Defendant, Schlee & Stillman"), at all times relevant hereto, is and was limited liability company engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the state of Maryland with a principal place of business located at 9712 Belair Road, Nottingham, MD 21236.

6. Defendant, FIA Card Services, N.A. (hereafter, "Defendant, FIA"), at all times relevant hereto, is and was a credit card payment processing company engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Delaware with its principal place of business located at 1100 North King Street, Wilmington, Delaware 19884

7. Defendants are engaged in the collection of debts from consumers using the telephone and mail. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.    FACTUAL ALLEGATIONS

8. In the early part of December, 2010, Plaintiff started to receive collection calls from Defendant, Schlee & Stillman, on a debt allegedly owed to Defendant, FIA Card Services.

9. Plaintiff was informed that she owed approximately $16,808.19 to Defendant, Schlee & Stillman, in this matter.

10. On or about December 3, 2010, Plaintiff and Defendant, Schlee & Stillman, reached a settlement agreement to resolve the above matter for $7,600.00. See **"EXHIBIT A" (settlement letter) attached hereto.**

11 Plaintiff agreed to pay monthly payments until the balance was paid in full beginning with an initial payment of $15.00 due on or about December 29, 2010.

12. Plaintiff along with assistance from her personal legal counsel sent Defendant, Schlee & Stillman, the first three (3) monthly payments due in a timely fashion.

13. Defendant, Schlee & Stillman, received, accepted and deposited Plaintiff's settlement payments.

14. However, on February 7, 2011, Plaintiff received a thirty (30) day letter asking for immediate action on the above referenced account, despite Plaintiff already making settlement payments as agreed to Defendant, Schlee & Stillman. See **'EXHIBIT B" (letter) attached hereto.**

15. Defendant, Schlee & Stillman's, letter requested payment in full for the original balance of $16,808.19 from the Plaintiff despite receiving, accepting and depositing three (3) consecutive monthly payments prior to this letter.

16. Throughout the month of February, 2011, Plaintiff received several calls a day from the Defendant, Schlee & Stillman, collecting again on the previously settled debt.

17. Plaintiff states that she received at least twenty (20) calls in less than two weeks from Defendant, Schlee & Stillman, in this matter.

18. Defendant, Schlee & Stillman, has never returned any of the checks previously sent on this settlement agreement back to the Plaintiff.

19. Defendants, Schlee & Stillman, and FIA Card Services were in breach of their contract when they promised the Plaintiff the opportunity to participate in an agreed upon settlement only to not follow through on that said agreement at no fault of the Plaintiff.

20. As a direct consequence of the Defendants acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

21. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

22. The Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their

and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

23. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendants herein.

24. At all times pertinent hereto, the conduct of Defendants as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

25. As a result of Defendants conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I - FDCPA

## PLAINTIFF V. SCHLEE & STILLMAN LAW OFFICE, LLC

26. The above paragraphs are hereby incorporated herein by reference.

27. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

28. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

| | | |
|---|---|---|
| | §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| | §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| | §§ 1692(e) | Any other false, deceptive or misleading representation or means in connection with debt collection |
| | §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Schlee & Stillman Law Office, LLC, for the following:

a.   Actual damages;

b.   Statutory damages pursuant to 15 U.S.C. § 1692k;

c.   Reasonable attorney's fees and litigation expenses, plus costs of suit;

d.   Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II
### VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

### PLAINTIFF V. SCHLEE & STILLMAN LAW OFFICE, LLC
### & FIA CARD SERVICES

29.   Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

30. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendants are debt collector pursuant to 73 Pa. C.S. § 2270.3.

31. The alleged debt the Defendants were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

32. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

33. The actions of the Defendants, as aforesaid, constitute false, misleading or deceptive representations.

34. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

35. As a direct and proximate result of the said actions, Plaintiffs have suffered financial harm.

36. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

  c. An award of reasonable attorneys fees and expenses and costs of court; and

  d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

### PLAINTIFF V. SCHLEE & STILLMAN LAW OFFICE, LLC
### & FIA CARD SERVICES

37. The foregoing paragraphs are incorporated herein by reference.

38. Plaintiff and Defendants are "Persons" to 73 Pa. C.S § 201-2.

39. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

40. The actions of the Defendants, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

  a. Defendants misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

  b. Defendants engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

  c. Defendants failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

41. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

42. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

  a. An Order declaring that Defendant violated the UTPCPL;

  b. Actual damages;

  c. Treble damages;

  d. An award of reasonable attorney's fees and expenses and cost of suit; and

  e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## COUNT IV

## BREACH OF CONTRACT

## PLAINTIFF V. SCHLEE & STILLMAN LAW OFFICE, LLC

## & FIA CARD SERVICES

43. The above paragraphs are hereby incorporated herein by reference.

44. The facts set forth herein establish that there was a contractual relationship between the parties, whereby the Defendants promised to Plaintiff the opportunity to

participate in an agreed upon settlement. Plaintiff accepted the invitation that was offered and agreed to participate in the settlement.

45. Defendants are in breach of their contract.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, Schlee & Stillman Law Office, LLC and FIA Card Services, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: March 8, 2011         BY: _____
                                Brent F. Vullings, Esq.

Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA  19046
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff