THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

JOANN THOMAS,

    Plaintiff,

vs.                                       Case No.: 11-00319-LPL

SCHLEE & STILLMAN LAW OFFICE, LLC,
& FIA CARD SERVICES, N.A.

    Defendants.
_____/

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

NOW COME the Defendants, SCHLEE & STILLMAN LAW OFFICE, LLC and ("Defendants"), by and through counsel, and for its Answer to Plaintiff's Complaint states as follows:

### JURISDICTION

1. Defendants admit that Plaintiff purports to seek relief for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq,* but denies that Plaintiff is entitled to such relief as alleged in ¶ 1 of the Complaint.

2. Defendants admit the allegations in ¶ 2 for jurisdictional purposes only.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 3 of the Complaint and therefore deny the allegations.

## PARTIES

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 4 of the Complaint and therefore deny the allegations.

5. Defendants admit that it is a law firm doing business in the Commonwealth of Pennsylvania, and the State of Maryland, for purposes of this action operating from an address located at 11 East Market Street, Suite 102, York, PA 17401. Defendants deny the remaining allegations contained in ¶ 5 of the Complaint.

6. Defendants admit that it is a credit card company doing business in the Commonwealth of Pennsylvania and the State of Delaware with its principal place of business located at 1100 North King Street, Wilmington, Delaware 884.  Defendants deny the remaining allegations contained in ¶ 6 of the Complaint.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 7 of the Complaint and therefore deny the allegations.

## FACTUAL ALLEGATIONS

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 8 of the Complaint and therefore deny the allegations.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 9 of the Complaint and therefore deny the allegations.

10. Defendants admit that it agreed to a payment plan with Plaintiff on or about December 3, 2010. Except as specifically admitted, Defendants deny the allegations in ¶10.

11. Defendants admit that it agreed to a payment plan with Plaintiff which called for an initial payment of $15.00 due on or about December 29, 2010. Except as specifically admitted, Defendants deny the allegations in ¶11.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 12 of the Complaint and therefore deny the allegations.

13. Defendants admit that it received, accepted and deposited the three payments referenced by Plaintiff. Except as specifically admitted, Defendants deny the allegations in ¶13.

14. Defendants admit that it caused a letter to be sent to Plaintiff on or about February 7, 2011. Except as specifically admitted, Defendants deny the allegations in ¶ 14.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 15 of the Complaint and therefore deny the allegations.

16. Defendants deny the allegations in ¶ 16.

17. Defendants deny the allegations in ¶ 17.

18. Defendants admit that it has not returned any of the checks received from Plaintiff back to Plaintiff. Except as specifically admitted, Defendants deny the allegations in ¶ 18 for lack of sufficient information to justify a belief therein.

19. Defendants deny the allegations in ¶ 19.

20. Defendants deny the allegations in ¶ 20.

21. Defendants deny the allegations in ¶ 21.

22. Defendants deny the allegations in ¶ 22.

23. Defendants deny the allegations in ¶ 23.

24. Defendants deny the allegations in ¶ 24.

25. Defendants deny the allegations in ¶ 25.

## COUNT I - FDCPA

## PLAINTIFF V. SCHLEE & STILLMAN LAW OFFICE, LLC

26. Defendants hereby incorporate by reference its admissions and denials as set forth in the above paragraphs.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 27 of the Complaint and therefore deny the allegations.

28. Defendants deny the allegations in ¶ 28.

## COUNT II

## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA, 73 Pa. C.S. §2270.1 *et seq.*

29. Defendants hereby incorporate by reference its admissions and denials as set forth in the above paragraphs.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 30 of the Complaint and therefore deny the allegations.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 31 of the Complaint and therefore deny the allegations.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 32 of the Complaint and therefore deny the allegations.

33. Defendants deny the allegations in ¶ 33.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 34 of the Complaint and therefore deny the allegations.

35. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 35 of the Complaint and therefore deny the allegations.

36. Defendants deny the allegations in ¶ 36.

<u>COUNT III</u>

<u>VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW</u>

<u>("UTPCPL"), 73 Ps. C.S. §201-1 *et seq.*</u>

<u>PLAINTIFF V. SCHLEE & STILLMAN LAW OFFICE, LLC</u>

<u>& FIA CARD SERVICES</u>

37. Defendants hereby incorporate by reference its admissions and denials as set forth in the above paragraphs.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 38 of the Complaint and therefore deny the allegations.

39. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 39 of the Complaint and therefore deny the allegations.

40. Defendants deny the allegations in ¶ 40 and all of its sub-parts.

41. Defendants deny the allegations in ¶ 41.

42. Defendants deny the allegations in ¶ 42.

## COUNT IV

## BREACH OF CONTRACT

## PLAINTIFF V. SCHLEE & STILLMAN LAW OFFICE, LLC

## & FIA CARD SERVICES

43. Defendants hereby incorporate by reference its admissions and denials as set forth in the above paragraphs.

44. Defendants deny the allegations in ¶ 44.

43. Defendants deny the allegations in ¶ 45.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiff fails to state a claim upon which relief may be granted.

### Second Defense

Any violation of the law or damage suffered by Plaintiff, which Defendants deny, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability to Defendants.

### Third Defense

Any violation of the FDCPA, which Defendants deny, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

### Fourth Defense

Defendants further assert, plead, and incorporate by reference the affirmative defenses set forth in Federal Rules of Civil Procedure 8(c) and 12(b), including but not limited to insufficient process and insufficient service of process.

### Fifth Defense

Any violation of law or damage suffered by Plaintiff, which Defendants deny, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any claim of damages against Defendants.

### Sixth Defense

Plaintiff has not suffered any damages as a result of the acts or omissions of Defendants.

### Seventh Defense

Assuming that Plaintiff suffered any damages, Plaintiff has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

### Eighth Defense

Any harm suffered by Plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of Defendants, or for whom Defendants are not responsible or liable.

Ninth Defense

Any harm suffered by Plaintiff was caused by Third Party Fault of parties known or unknown to Defendant.

Tenth Defense

Defendants reserve the right to add additional affirmative defenses, which may come to light at time of trial or through discovery.

WHEREFORE, Defendants SCHLEE & STILLMAN LAW OFFICE, LLC and FIA CARD SERVICES, N.A. respectfully request that this Honorable Court enter a Judgment of no cause of action in its favor and award it the attorney fees and costs so wrongfully incurred.

Respectfully Submitted,

/s/  Thomas J. Michael
Thomas J. Michael
Attorney for Defendants
PA I.D. No. 30768

436 South Main Street
Pittsburgh, PA  15220
Telephone: 412- 921-8110
Fax No. 412-921-3191
tmichael@tjmandassociates.com

THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

JOANN THOMAS,

    Plaintiff,

vs.                                    Case No.: 11-00319-LPL

SCHLEE & STILLMAN LAW OFFICE, LLC,
& FIA CARD SERVICES, N.A.

    Defendants.
_____/

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES was served on the attorneys of record by electronic mail through the Clerk of Courts.

Respectfully submitted,

Thomas J. Michael & Associates, LLC
By:

/s/  Thomas J. Michael

Thomas J. Michael
Attorney for Defendants Schlee &
Stillman Law Office, LLC and
FIA Card Services, N.A.